UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**Elesha Nicole Young**,
in her private capacity as Trustee for
**Young Dominion Trust**,
Plaintiff,
v.
**Greystar Real Estate Partners, LLC**,
Defendant.
**(See attached list for additional defendants)**

Civil Action No. _____
Jury Trial Demanded

# COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

This is a civil action brought in equity by the Trustee of a private express trust, **Young Dominion Trust**, seeking redress for constitutional violations, dishonor of private trust instruments, and deprivation of due process by state and corporate actors acting under color of law.

Plaintiff, a living woman operating in her private capacity as Trustee, lawfully placed her private residence into trust and notified all involved parties of the trust's interest. Despite being served with formal documentation—including a Notice of Trust, Security Agreement, and Abatement—Defendants willfully ignored these lawful claims, ultimately resulting in an unlawful eviction and irreversible injury.

This case does not seek to overturn or relitigate possession but instead demands declaratory and equitable relief for the **unrebutted dishonor of equity filings**, violations of **Article I, Section 10** of the U.S. Constitution, and **civil rights** violations under federal law. Plaintiff seeks compensatory damages exceeding **$50 million**, punitive damages of **$25 million**, and all other relief deemed just under law and equity.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. § 1983 (violation of constitutional rights under color of law), as well as 28 U.S.C. § 2201 (Declaratory Judgment Act).
2. Venue is proper in the **Eastern District of Texas** under **28 U.S.C. § 1391(b)** because a substantial part of the events giving rise to this action occurred within this district, including in **Denton County, Texas**.

*Footnote:* This action is not a landlord-tenant appeal. It is an original federal action based on unrebutted equitable claims, constitutional violations, and trust dishonor arising from the conduct of public and private actors. Plaintiff seeks independent relief for violations of federal rights, not possession.

## II. FACTUAL ALLEGATIONS

1. Plaintiff is the Trustee of **Young Dominion Trust**, a private express trust formed and operating under exclusive equity jurisdiction.
2. On or about **March 22, 2025**, Plaintiff placed her private residence, **Union House** (located at 4177 Gazebo St, Unit 8105, Aubrey, TX 76227), into the trust corpus of **Young Dominion Trust**.
3. Plaintiff mailed three separate trust packages to Greystar between **March** and **April 2025**. The first package, mailed on **March 25, 2025**, was returned undelivered due to an address formatting issue. A second trust package was mailed on **April 5, 2025**, and, after manual rerouting by a USPS clerk, was delivered on **April 28, 2025, at 1:06 PM** to Greystar's front desk/reception/mail room in Charleston, SC, with confirmation via green card return receipt. A third and final trust package was mailed on **April 17, 2025**, and was successfully delivered and signed for on **April 23, 2025**, at **11:44 AM** by Greystar staff member **A. Vogelen**.
4. In addition to the physical mailings, Plaintiff sent **three (3)** electronic notices via email to both **Greystar** and **Union House management**, reinforcing the trust's private governance and equitable standing:
    - **April 11, 2025** – *Notice of Private Trust Governance*, informing recipients of mailed trust documents and asserting private trust standing;
    - **April 15, 2025** – *Conditional Acceptance*, outlining equity-based terms for recognition of the trust estate;
    - **April 18, 2025** – *Final Delivery Notice*, confirming rerouted delivery of the final trust package.
5. Despite receiving both physical and electronic notices, Greystar failed to respond, rebut, or honor the trust's private claims, acting as if no equitable interest existed in the property. **See Exhibits A and B**.
6. On **April 21, 2025**, Greystar filed the first forcible detainer action in JP Court under the name "ELESHA YOUNG," which was later dismissed on **April 25, 2025**.
7. On **April 28, 2025**, Greystar initiated a second forcible detainer action, again naming the ALL CAPS entity "ELESHA YOUNG" rather than recognizing the trust estate or Plaintiff's private capacity.

8. On **May 12, 2025**, Plaintiff filed a **non-statutory abatement**, asserting her capacity as Trustee and challenging the court's subject matter jurisdiction based on exclusive equity and private trust governance.
9. **JP Judge Mike Oglesby** dishonored the abatement without rebuttal, in violation of equity principles and due process, and entered judgment on **May 14, 2025** without adjudicating the trust's claims or addressing jurisdictional defects.
10. On **May 15, 2025**, Plaintiff filed a **Notice of Appeal** to County Court at Law #2. The appeal was docketed and transferred on **May 21, 2025**, and on **May 23, 2025**, Plaintiff submitted a **Bill in Equity** and supporting exhibits into the county court record.
11. **County Court Judge Robert C. Ramirez** failed to address or rebut the equity filing. A hearing was held on **June 9, 2025**, during which Plaintiff attempted to assert her private standing and fiduciary role. Judge Ramirez dismissed Plaintiff's equity claims and issued a writ of possession without due process.
12. **Constable Matthew Harmuth**, operating under **Doug Boydston's office**, executed the writ of possession and forcibly removed Plaintiff on **June 16, 2025**, despite Plaintiff's timely filed motions to stay and assertions of trust rights.
13. All named Defendants — including judicial officers, state agents, and corporate actors — willfully ignored the trust's lawful claims, failed to act in honor or rebuttal, and caused substantial harm, including:

- Emotional distress;
- Financial and property loss;
- Deprivation of protected constitutional and equitable rights.

## III. CAUSES OF ACTION

### Count 1 – Violation of Due Process (42 U.S.C. § 1983)

14. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.
15. Defendants **Judge Mike Oglesby** and **Judge Robert C. Ramirez**, acting under color of state law, deprived Plaintiff of protected liberty and property interests without due process of law by dishonoring and failing to adjudicate equitable documents submitted in good faith.
16. These actions include ignoring the existence and legal standing of Plaintiff's private trust, denying hearings on equitable filings, and issuing writs without proper subject-matter jurisdiction.
17. Such acts deprived Plaintiff of her right to a meaningful opportunity to be heard, in violation of the **Fifth** and **Fourteenth Amendments**.

### Count 2 – Violation of the Right to Contract (U.S. Const. Art. I, Sec. 10)

18. Plaintiff's private trust is a lawfully created private contract protected under **Article I, Section 10** of the U.S. Constitution.
19. Defendant **Greystar**, along with its representatives **Abisay Davila** and legal counsel, willfully ignored, refused to honor, and failed to rebut Plaintiff's properly served trust documents, including notices of trust interest and governance.
20. Further, Defendants **Oglesby** and **Ramirez**, by dismissing the trust filings and allowing public proceedings to move forward, impaired the lawful obligation of contract.
21. These actions constitute a direct violation of Plaintiff's constitutionally secured right to contract privately and free from state interference.

### Count 3 – Trust Dishonor and Bad Faith Enforcement

22. Defendants including **Greystar**, **Abisay Davila**, and their attorneys acted in bad faith by refusing to rebut or honor the trust declaration, schedule of assets, and security agreement served via USPS and email.
23. This willful dishonor of a private trust estate — after proper notice, opportunity to respond, and receipt of trust documentation — constitutes a breach of fiduciary principles and trust law.
24. Defendants' refusal to acknowledge equitable governance, while continuing public enforcement actions, reflects egregious bad faith and a reckless disregard for Plaintiff's private status and lawful estate.

### Count 4 – Intentional Infliction of Emotional Distress

25. Defendants' combined actions — including the forced eviction, denial of equity remedies, public humiliation, and refusal to recognize trust protections — caused severe emotional harm and trauma.
26. Plaintiff experienced persistent anxiety, loss of sleep, reputational damage, and extreme distress due to being forcibly removed from property lawfully conveyed into trust, despite active and timely filings.
27. Defendants knew or should have known that such conduct would cause substantial psychological and emotional harm.

### Count 5 – Unlawful Taking of Private Property (Fifth & Fourteenth Amendments)

28. The issuance and enforcement of a writ of possession by state actors without due process or just compensation resulted in the unlawful taking of trust property in violation of the

  **Takings Clause of the Fifth Amendment**, applicable to the states via the **Fourteenth Amendment**.

29. Plaintiff, acting as Trustee, was dispossessed of trust property without the opportunity for a lawful adjudication of title or standing, constituting a deprivation of rights under color of law.
30. The actions of all named Defendants violated constitutional protections and equity jurisdiction and must be remedied by declaratory relief, compensation, and punitive damages.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this honorable Court grant the following equitable and lawful relief:

1. A **declaratory judgment** that Defendants violated Plaintiff's secured constitutional rights and equity-governed trust protections.
2. A **permanent injunction** restraining Defendants, their agents, and successors from any further interference, trespass, or dishonor of Plaintiff's private trust property or fiduciary responsibilities.
3. **Compensatory Damages** in the amount of **$50,000,000** for emotional distress, constitutional violations, unlawful takings, and breach of trust protections, including loss of housing, peace, and financial integrity.
4. **Punitive Damages** in the amount of **$25,000,000** against all public and private actors who willfully, knowingly, and with malice dishonored lawful instruments, violated trust jurisdiction, and acted under color of law to suppress Plaintiff's protected rights.
5. **Costs of this action**, including fees, administrative harms, and any further relief this Court deems just, equitable, and proper under the circumstances.
6. That this Court take **judicial notice of equity**, including but not limited to the following maxims which underlie and protect the relief sought herein:
   - *Equity will not suffer a wrong to be without a remedy.*
   - *Equity regards the beneficiary as the true owner.*
   - *Equity abhors a forfeiture.*
   - *Equity delights to do justice and not by halves.*
   - *One who seeks equity must do equity.*
   - *He who comes into equity must come with clean hands.*

These principles govern the actions of this Court in its equitable capacity, and where law fails to provide remedy, equity shall.

Respectfully submitted,

*[signature]*

**Elesha Nicole Young**, in her private capacity as Trustee for **Young Dominion Trust**

## Additional Defendants to Complaint – Continuation of Caption

The following parties are also named as defendants in this action and are fully incorporated into the Complaint:

1. **Mike Oglesby**, in his official and individual capacity as *Justice of the Peace, Precinct 5*, Denton County, Texas.
2. **Robert C. Ramirez**, in his official and individual capacity as *County Court at Law Judge #2*, Denton County, Texas.
3. **Abisay Davila**, in his individual and representative capacity as *Assistant Property Manager* at Union House Apartments (Greystar Management).
4. **Daija Turner**, in her professional capacity as an attorney representing Greystar and/or Union House.
5. **Rachel Henderson**, in her professional capacity as lead counsel for Greystar and/or Union House.
6. **Matthew Harmuth**, in his official and individual capacity as *Deputy Constable* for Precinct 5, Denton County.
7. **Doug Boydston**, in his official capacity as *Constable, Precinct 5*, Denton County.
8. **Tina Brown**, in her official capacity as Deputy Clerk who signed the Writ of Possession.
9. **Juli Luke**, in her official capacity as *County Clerk* of Denton County, Texas.
10. **Cassy Carroll**, in her capacity as a staff clerk for the County Clerk's office, Denton County.