IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

**Elesha Nicole Young, in her private capacity,**
Plaintiff,
v.
**Greystar Management Services L.P., et al.**

Case No. 4:25-cv-00676-ALM-AGD

**FILED**

JUL 1 0 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

---

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJURIES AND RELIEF

COMES NOW, Elesha Nicole Young, appearing pro se and in her private capacity, and respectfully submits this First Amended Complaint for Injuries and Relief against the Defendants named herein. Plaintiff brings this action based on violations of her constitutional rights, denial of due process, failure to acknowledge and engage with private trust documentation, breach of equitable duties, and resulting emotional, financial, and physical injuries. Plaintiff seeks damages as appropriate relief for these injuries.

---

## NOTE ON CAPACITY

Plaintiff appears pro se and in her private capacity as a **living woman**. Although she is the authorized trustee of a private irrevocable trust, she does **not** appear in this action as a representative or fiduciary. All references to the trust are included solely for **evidentiary** and **background context** related to the private agreements and equity-based matters that impacted Plaintiff personally.

---

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under **28 U.S.C. §1331 (federal question)**, **28 U.S.C. §1343 (civil rights violations)**, and **28 U.S.C. §1367 (supplemental jurisdiction for related state claims)**.
2. Venue is proper pursuant to **28 U.S.C. §1391(b)**, as the events giving rise to this action occurred in Denton County, Texas, which lies within the Sherman Division of the United States District Court for the Eastern District of Texas.

---

### II. PARTIES

**3.** Plaintiff **Elesha Nicole Young** is a private American and living woman domiciled in Denton County, Texas. She appears in this matter pro se and in her private capacity, **not** as a representative or fiduciary of any trust or third-party entity.

**4.** Defendant **Greystar Real Estate Partners, LLC** is a for-profit property management company registered to do business in the State of Texas. Greystar manages Union House Apartments in Denton County, Texas, where the events giving rise to this action occurred.

**5.** Defendant **Abisay Davila** is the Assistant Property Manager at Union House Apartments and acted as an agent of Greystar in initiating the eviction proceedings against Plaintiff. He is sued in his individual capacity for actions that contributed to the deprivation of Plaintiff's rights.

**6.** Defendant **Judge Mike Oglesby** is a Justice of the Peace in Denton County, Texas, who presided over the initial eviction proceeding. He is sued in his official capacity for actions taken under color of law which denied Plaintiff due process and access to equity...

**7.** Defendant **Judge Robert C. Ramirez** is a County Court Judge in Denton County, Texas, who presided over Plaintiff's appeal of the eviction proceeding. He is sued in his official capacity for actions taken under color of law, including failure to acknowledge or rule on Plaintiff's bill in equity, thereby violating her due process and equitable rights.

**8.** Defendant **Matthew Harmuth** is a Constable in Denton County, Precinct 5. He served the initial court citation in the forcible detainer action filed in Justice Court and later executed the writ of possession issued by the County Court at Law following Plaintiff's appeal. Harmuth participated in enforcement actions at both court levels despite unresolved equitable challenges. He is sued in both his official and individual capacity for actions taken under color of law that violated Plaintiff's constitutional and equitable rights.

---

## III. FACTUAL ALLEGATIONS

**8.** On or around **March 25, 2025**, Plaintiff mailed a private trust package to Defendant Greystar, which included notice of trust terms, a private security agreement, and instructions for honoring a private method of settlement.

**9.** The first package was returned undelivered due to a formatting issue with the mailing address. A second trust package was mailed on **April 5, 2025**, rerouted manually by USPS staff, and ultimately delivered to Greystar on **April 28, 2025**.

**10.** A third and final trust package was mailed on **April 17, 2025**, and was successfully delivered to Greystar on **April 23, 2025**. The delivery was **signed** for by "**A. Vogelen**" on behalf of Greystar.

**11.** On **April 21, 2025**, prior to receiving the final trust package, Greystar filed a forcible detainer action (eviction lawsuit) against Plaintiff in Denton County Justice Court.

**12.** On **April 24, 2025**, the eviction case was voluntarily dismissed by Greystar through an Motion for Non-Suit, shortly after its receipt of the final trust package.

**13.** On April 28, 2025, Greystar initiated a second eviction proceeding against Plaintiff. On that same day, they received the second trust package, which had been previously rerouted by USPS and delivered to their office.

**14.** In response, Plaintiff filed a Non-Statutory Abatement in the Justice Court, asserting her equitable standing and requesting that the matter be addressed in equity. This filing was neither acknowledged nor ruled upon by Judge Mike Oglesby.

**15.** Plaintiff appealed the matter to the Denton County Court at Law and submitted a Bill in Equity, seeking resolution on equitable grounds. This filing was likewise neither acknowledged nor addressed by Judge Robert C. Ramirez, despite his access to the full record from the Justice Court.

**16.** Both the Justice Court and the County Court at Law proceeded to issue orders, including a writ of possession, without providing Plaintiff any hearing or ruling on her equity-based pleadings, thereby depriving her of procedural due process under the Fourteenth Amendment.

**17.** On June 13, 2025, Plaintiff was evicted by Constable Matthew Harmuth, acting pursuant to the writ of possession issued by the County Court at Law.

**18.** The eviction, carried out without proper adjudication of Plaintiff's equity pleadings or recognition of her due process rights, caused severe emotional distress, financial loss, and physical hardship.

**19.** The trust packages, Non-Statutory Abatement, Bill in Equity, and related USPS mailing records are attached as Exhibits A through H and are incorporated herein by reference for all purposes.

## IV. CLAIMS FOR RELIEF

### COUNT I — VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

20. Plaintiff incorporates all preceding paragraphs as if fully stated herein.
21. Defendants Judge Mike Oglesby and Judge Robert C. Ramirez acted under color of state law when they failed to acknowledge or rule upon Plaintiff's equity-based pleadings and proceeded to adjudicate the matter without providing a meaningful opportunity to be heard.
22. Constable Matthew Harmuth, also acting under color of law, executed the writ of possession issued by the County Court without regard for unresolved due process and equity concerns on record.
23. These actions deprived Plaintiff of property and liberty interests without the procedural protections required by the Fourteenth Amendment.

## COUNT II — BREACH OF EQUITY / CONSTRUCTIVE FRAUD

24. Plaintiff incorporates all preceding paragraphs as if fully stated herein.
25. After receiving the Plaintiff's trust documents and lawful notice, Defendant Greystar voluntarily dismissed its initial eviction proceeding, but shortly thereafter refiled a second suit without addressing, acknowledging, or rebutting the terms set forth in those documents.
26. Greystar's failure to respond to Plaintiff's equitable notice, combined with its re-initiation of adverse proceedings, constitutes a breach of equitable duties, constructive fraud, and dishonor under well-established equitable principles, including the maxim that "equity regards as done that which ought to have been done."
27. Greystar's voluntary dismissal of the initial eviction suit occurred just two days after receiving Plaintiff's trust documents, and without providing any rebuttal to their terms. This conduct supports the inference that Greystar constructively acknowledged the trust package and failed to act in good faith by later refiling an action without addressing its contents.

## COUNT III — BREACH OF CONTRACT / DUTY OF GOOD FAITH

28. Plaintiff incorporates all preceding paragraphs as if fully stated herein.
29. To the extent the Court finds that a private contractual relationship arose between Plaintiff and Greystar based on the terms set forth in the trust package and accompanying notice, Greystar breached that relationship by failing to respond, acknowledge, or rebut those terms, and by subsequently refiling eviction proceedings.
30. Such conduct constitutes a breach of the implied duty of good faith and fair dealing, and reflects dishonor in violation of equitable and contractual principles.

## COUNT IV — EMOTIONAL DISTRESS

31. Plaintiff incorporates all preceding paragraphs as if fully stated herein.
32. The eviction, carried out without due process or adjudication of Plaintiff's equity pleadings, along with the overall pattern of dishonor and disregard for lawful notice, caused Plaintiff severe emotional and mental anguish.
33. Defendants' conduct was the proximate cause of this injury, and the resulting harm was reasonably foreseeable.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

a. Compensatory damages in the amount of **$20,000,000** for emotional distress, financial loss, and physical hardship resulting from Defendants' conduct;
b. Punitive damages in the amount of **$50,000,000** to punish willful misconduct and deter future violations by public and private actors;
c. A declaratory judgment that Defendants violated Plaintiff's constitutional rights and equitable

protections under law;
d. Such other and further relief as this Court deems just, proper, and equitable.

---

Respectfully submitted,

*[signature]*

**Elesha Nicole Young**
Plaintiff, Pro Se, in her private capacity

# Schedule A – List of Named Defendants

1. **Greystar Real Estate Partners, LLC**
   - *Capacity:* Entity Defendant
   - *Role:* For-profit property management company for Union House Apartments. Received Plaintiff's trust documents, initiated eviction proceedings despite private notice, and acted in dishonor of private contractual terms and equity.
2. **Abisay Davila**
   - *Capacity:* Individual
   - *Role:* Assistant Property Manager at Union House Apartments. Filed the original eviction case against Plaintiff despite receiving prior trust documentation. Acted as an agent for Greystar and contributed to the chain of dishonor.
3. **Judge Mike Oglesby**
   - *Capacity:* Official only
   - *Role:* Justice of the Peace in Denton County who failed to acknowledge or adjudicate Plaintiff's Non-Statutory Abatement, violating due process rights under color of law.
4. **Judge Robert C. Ramirez**
   - *Capacity:* Official only
   - *Role:* Denton County Court Judge who refused to address Plaintiff's Bill in Equity upon appeal, allowing the eviction process to proceed in violation of equity and due process.
5. **Matthew Harmuth**
   - *Capacity:* Official and Individual
   - *Role:* Constable of Precinct 5, Denton County. Issued the writ of possession and directly enforced the eviction despite active equity challenges on record, operating under color of law and causing injury to Plaintiff.